INHABITANTS OF BAILEYVILLE *versus* SARAH LOWELL, Ex'x.

The inhabitants of a town against whom a warrant of distress has issued, are authorized to raise money with which to satisfy the same, either by loan or assessment; and if by assessment either at once, or if less burthensome, by instalments.

An agreement by the owner of an execution against the inhabitants of a town that if they would at once assess the amount required, and collect the same, he would make a certain discount is founded on sufficient consid eration, and will be enforced.

THIS was an action of assumpsit.    The general issue was pleaded and joined.    The plaintiffs offered evidence tending to prove a parol agreement with the defendant's testator, made some time between the 22d day of July and the 5th of August, A. D. 1833, that if the plaintiffs would proceed to assess and collect as soon as convenient, on the resident and non-resident proprietors of said town, and other taxable property in said town, in the common and ordinary mode of assessing taxes, to the amount of a certain warrant of distress which before that time had been duly and legally issued against said town in favor of one Stephen Emerson, then being the property of defendant's testator, on a judgment duly and legally rendered

by the Court of County Commissioners for the county of Washington, at their December Term, A. D. 1831, for the sum of six thousand seven hundred and ninety dollars and twenty-four cents, to be paid to said Emerson, and the sum of twenty-seven dollars and fifty cents costs in that behalf, to be paid to said county ; and further, as part pay of said tax or sum aforesaid, the said plaintiffs or their treasurer should draw an order on the State treasurer for the sum of one thousand dollars, which before that time and on the ninth day of March, A. D. 1832, had been granted by a resolve of the Legislature of this State to the settlers of said Baileyville, to be appropriated in part pay for the settlers' tax in building the Houlton road, for which said warrant of distress had issued, the said defendant's testator would discount or allow to the settlers or inhabitants of said town the sum of six hundred dollars.

It further appeared, that seven warrants of distress had been issued. That the first and second warrant had been returned, no part satisfied. The third warrant issued July 6, 1833, upon which appears the following indorsements : — " Feb. 26, 1834. Received of the within warrant, *four thousand seventy-eight dollars and eighty cents,* paid by H. & F. Richards." "Received of the within, nine hundred and twenty-three dollars and fourteen cents, as per receipt of this date." " Received of the within, one thousand dollars, paid by State of Maine," and this third warrant was returned satisfied for the sum of $6001,94. Fourth warrant issued August 26, 1834, upon which is indorsed fifteen dollars ; also, on the same warrant, is a further indorsement of *three hundred and thirty-three dollars and ninety-seven cents,* by notes of sundry individuals. Fifth warrant issued September 16th, 1835, and returned no part satisfied. Sixth warrant issued Feb. 1, 1836, and returned no part satisfied. Seventh warrant issued Sept. 30, 1836, which last warrant was proved to have been settled in the fall of 1836, by the selectmen and town treasurer of Baileyville, with one James S. Hall, who had become interested in said warrant by taking town orders duly drawn and accepted.

The plaintiffs further offered in evidence the records of the

assessors of said town of Baileyville, from which it appeared that on the eighth day of October, A. D. 1833, the sum of $6821,14, being the full sum of said warrant of distress, was assessed upon the resident and non-resident proprietors, and other taxable property in said town, to defray the expense of making the Houlton road, and that sum was apportioned, $4936,80 on the non-resident proprietors, (and after deducting the $1000 given by the State *to the settlers in said town,*) the balance for the actual settlers to pay towards building said road would be only the sum of eight hundred and eighty-four dollars and fifty-five cents. It further appeared in evidence from the records of said town, that a legal meeting of the inhabitants was held on the 22d day of July, A. D. 1833, when it was voted not to raise the money to settle said warrant, and that William Anderson and Moses Mosely were chosen a committee to settle with the owner of the warrant of distress; also, that on the fifth day of August following, a second meeting of the inhabitants was held, at which time it was voted to raise the money to settle said warrant, and said Anderson and Mosely were again chosen a committee to settle the warrant of distress with the owners of the same.

The defendant's counsel requested SHEPLEY J. who tried the cause, to instruct the jury, that in law no action could be maintained, as no sufficient consideration was alleged, or appeared in the first count of the writ; the Court did not so instruct the jury, but did instruct the jury that if they found, from the evidence, the defendants did promise to give six hundred dollars, as testified to by the plaintiffs' witnesses, they might return, on that count, a verdict for the plaintiff. The jury returned a verdict for the plaintiff. If these instructions were erroneous, the verdict is to be set aside and a new trial granted.

*Chase* for the defendant. No consideration is alleged in the declaration. The plaintiffs have done no more than they were bound by law to do. The declaration is bad on demurrer. 1 Saund. on Pl. & Ev. 114; *Jones v. Ashburnham,* 4 East, 464. The plaintiffs owed a debt, and the assessors of the

town were by law required to make an assessment to meet that debt. The inhabitants of the town could not have prevented that assessment, had they so wished. The assessment of taxes is to be made by the laws of the State ; and in making it, the assessors are not under the control of the town. The agreement to levy and collect a tax was merely a promise to do what the law requires. If the assessors refused to do their duty, it would be a violation of law ; and the omission to violate the law is no consideration for a promise. The plaintiffs are not to be permitted to say that they voted that the assessors should not assess, and that afterwards they directed that to be done, which the law requires, and that such was the consideration of the promise made by the defendant. If the contract was founded on the mere discharge of a duty, it is without sufficient consideration.

The promise to procure the order was of no benefit to the defendant. The town was bound to pay ; and by procuring the order for $1000, a debt was paid by means of a gift. The town was relieved to the extent of the order. The only loss or injury thereby to the town was the loss arising from the payment of the debt due.

*B. Bradbury*, for the plaintiff. An express contract is proved in this case. Any consideration however slight is sufficient to support a promise. 1 Com. on Con. 1 ; 21 Am. Jurist, 260 ; *Train* v. *Gold*, 5 Pick. 380 ; Chitty on Con. 7. The consideration alleged is sufficient. A mere change of the time, mode or place of payment is sufficient consideration.

The opinion of the Court was by

WESTON C. J. — A warrant of distress, which is a judicial writ, in the nature of an execution, the final process of the law had issued from competent authority, in favor of Stephen Emerson against the present plaintiffs. To that process, they were bound to submit. It acted coercively upon them ; and if the amount, for which it issued, was not otherwise paid, the officer, to whom it was confided, was authorized and required to distrain the property of the inhabitants, to be made available

in satisfaction. If they thought proper to remain passive and await the consequences, no legal mandate necessarily required their action.

It was at their option to raise the money by loan, or by assessment; and if by assessment, either at once, or if more convenient, or less burthensome, by instalments. The defendant's testator, to whom the money belonged, to induce the town, as the declaration avers, to raise the amount required at once by assessment, promised upon that consideration, to make a certain discount. They did so; and now claim damages for the non-performance of his promise. The question raised is, whether a sufficient consideration is alleged in the declaration. Prior to this promise, the town had refused to take the course he desired. In consequence of the promise, they did take that course, in consideration of the discount stipulated. The service to be performed by them, he voluntarily procured for that price. He deemed the measure an advantage to him, equivalent to the sacrifice; and he best knew what his interest required. The course thus purchased, was a trouble to them, which amounts to a legal consideration. And it is not the less so, because their interest was also promoted by that mode of extinguishing their debt. If both parties were benefitted, so much the better.

The counsel for the defendant has not taken the ground, that there is a variance of proof, or that the whole consideration had not been set forth. If he had, the objection might have been removed by an amendment. The consideration alleged, was proved and somewhat more. That the town made the money, granted to them by the State, available for his benefit, was a good legal consideration; even if the assessment and subseqent collection was insufficient. Both the promise and the consideration were proved to the satisfaction of the jury; and in our opinion the instructions requested were properly withheld, and those which were given were warranted by law.

*Judgment on the verdict.*